UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                         Case No: 8:11-cr-561-T27SPF

ASIEBA IMADJAM THOMAS

_____/

**ORDER**

**BEFORE THE COURT** is Defendant's *pro se* "Motion for Relief in Light of [COVID-19] Pursuant to § 3582" (Dkt. 152). No response is necessary. The motion is **DENIED**.

Thomas stands convicted for use of an interstate commerce facility with intent to commit murder-for-hire, possession and attempted possession with intent to distribute 500 grams or more of cocaine, possession of a firearm by a convicted felon, and carrying or possessing a firearm during and in relation to a drug trafficking crime. (Dkt. 104). He was sentenced to 360 months imprisonment, followed by 8 years of supervised release. (Dkt. 116). His convictions and sentence were affirmed. (Dkt. 129). He now moves for a sentence reduction "due to a deadly outbreak of covit-19 inside of the prison where he has been transferred to." (Dkt. 152 at 2). He further contends that he is vulnerable to COVID-19 because he "was diagnosed with bronchitis in 2007" and because "diabetes, and high blood pressure persists through [his] family." (Id. at 4-5). His contentions, however, are without merit.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Thomas does not assert or provide documentation reflecting that he has exhausted all available administrative remedies in the Bureau of Prisons, and the exhaustion

requirement cannot be waived.[1] Even if he did exhaust his administrative remedies, he has not shown extraordinary and compelling reasons warranting a modification of his sentence. Indeed, while the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the Bureau of Prisons. § 1B1.13, cmt. n.1. None of the circumstances offered by Thomas fall within these circumstances. Although he contends that he has underlying health conditions, he does not provide documentation to support his assertions. Nor does he provide documentation reflecting that his medical conditions substantially diminish his ability to provide self-care. *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted

---

[1] *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic"); *United States v. Kranz*, No. 2:18-CR-14016, 2020 WL 2559551, at *2-3 (S.D. Fla. May 20, 2020) (noting that district courts are split on whether a court may waive the exhaustion requirement in § 3582(c)(1)(A) and finding that, in the Eleventh Circuit, courts "cannot excuse a defendant's failure to exhaust administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A)"); *United States v. Gray*, No. 2:01-00007, 2020 WL 2132948, at *6 (S.D. Ala. May 4, 2020) ("[Defendant] has not presented any evidence that she made a request to the Warden for compassionate release based on her asthma and fear of exposure to COVID 19. Since she has not complied with the statute, the Court lacks authority to consider her motion.").

he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated"). And courts in this Circuit have found that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4.

In sum, because Thomas has not exhausted the administrative remedies available to him, this Court is without authority to consider the merits of his release request. Moreover, his reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are not, therefore, consistent with the policy statement in § 1B1.13. Accordingly, because he has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, the Court is without authority to grant relief, and the motion for sentence reduction is **DENIED**.

**DONE AND ORDERED** this 28th day of August, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:    Defendant, Counsel of Record