UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                      Case No: 8:11-cr-561-T-27SPF

ASIEBA THOMAS
_____/

ORDER

**BEFORE THE COURT** is Defendant Thomas' "Motion for Compassionate (Relief) Release Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i)" (Dkt. 155). No response is necessary. Upon consideration, the motion is **DENIED**.

Thomas stands convicted of use of an interstate commerce facility with intent to commit murder-for-hire, possession and attempted possession with intent to distribute 500 grams or more of cocaine, possession of a firearm as a convicted felon, and carrying or possessing a firearm during a drug trafficking crime. (Dkt. 116 at 1). He was sentenced to 360 months imprisonment, followed by 8 years of supervised release. (Id. at 2-3). His convictions and sentence were affirmed on appeal. (Dkts. 129, 133). His prior motion for compassionate release was denied. (Dkts. 152, 153).

Thomas again seeks compassionate release or a reduction in sentence based on what he contends are "extraordinary and compelling reasons." (Dkt. 155). Specifically, he contends that "if [he] were to get sentenced today, he would most likely be sentenced differently." (Id. at 3). He reasons that his "crimes are not violent crimes any longer," that he would "not qualify for an § 851 enhancement," and that the "government may not have persued [sic] a career offender enhancement due to the 2016 directive from the Attorney General, and also the Sentencing Commission's appeal to Congress that non-violent offenders should not be considered for a career offender enhancement." (Id. at 7-8). He further asserts that he has completed several rehabilitative

1

programs, that he received a sentence reduction in a separate case "due to the First Step Act of 2018, and [his] conduct," and that, according to his presentence investigation report, the "government recommended that this sentence [run] concurrent with the 17.8 year sentence that [he] had received for 24 grams of crack cocaine" in Case No. 8:11-cr-117-SDM-TGW. (Id. at 8-9). He requests that his sentence be reduced "to time served" or 120 months, or that the sentence run "concurrent with the 17.8 years that he is currently serving." (Id. at 9-10). He also requests appointment of counsel. (Id. at 1). However, he is not entitled to compassionate release or appointment of counsel.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b); *see United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (finding that the exhaustion requirement is not jurisdictional). Thomas asserts that he "submitted a request to the warden to file a motion on his behalf, on April 1, 2021." (Dkt. 155 at 2). However, the warden's response reflects that the request was received on April 12, 2021, and Thomas' motion was dated on May 8, 2021. (Id. at 10); (Dkt. 155-1 at 3). In any event, even if he has exhausted his administrative remedies, he has not shown an "extraordinary and compelling reason" warranting compassionate release.

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to §

1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Thomas fall within these circumstances. First, his challenges to his sentence do not constitute extraordinary and compelling circumstances. *See United States v. Abreu*, 840 F. App'x 457, 461 (11th Cir. 2020) (noting that "§ 3582(c) does not grant the district court jurisdiction to consider extraneous resentencing issues"). Indeed, courts have found that "post-sentencing developments" in the law, including disparities in sentencing based on a career offender enhancement, do not constitute an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Rogers*, No. 5:12-cr-29-Oc-28PRL, 2020 WL 4597063, at *2 (M.D. Fla. Aug. 11, 2020) (collecting cases).

Additionally, Thomas does not identify medical, age-based, or family circumstances warranting release. *See* U.S.S.G. § 1B1.13, cmt. n.1. His circumstances do not warrant a sentence reduction under application note (D), especially when considering the factors listed in the BOP's Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last accessed June 10, 2021). Last, while his rehabilitation efforts are admirable, (Dkt. 155 at 8-9); (Dkt. 155-1 at 1-2), rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t). In sum, his reasons are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13 and are, therefore, not consistent with § 1B1.13.

To the extent Thomas contends that he has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13, the Eleventh Circuit Court of Appeals has rejected that contention. *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (concluding that

3

"1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence"); (Dkt. 155 at 4-6). Even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Thomas has not established a basis to warrant compassionate release. Last, even if extraordinary and compelling reasons exist, the § 3553(a) factors do not weigh in favor of his release.[1]

In summary, Thomas has not demonstrated that compassionate release or a reduction in his sentence is warranted. Accordingly, his motion and request for counsel are **DENIED**. (Dkt. 155).

**DONE AND ORDERED** this 14th day of June, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[1] These factors aid the court in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 181-82 (11th Cir. 2019) (citation omitted). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809, 812 (11th Cir. 2020) (citations omitted). The circumstances of Thomas' offense do not weigh in favor of release. *See also* U.S.S.G. §1B1.13(2). Indeed, he approached another individual and expressed a willingness to murder his codefendant. *See* (Dkt. 129 at 2). He further informed the individual that he would use a syringe to commit the murder, required a firearm to intimidate and control the codefendant, and would accept money and cocaine in exchange for the murder. (Id. at 3). He also received an obstruction of justice enhancement for perjury based on his false testimony at trial. (Id. at 14-16). Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or adequately deter criminal conduct in the future.